# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

M. J. McBRIDE,

        Plaintiff,

v.                                           No. CIV 02-1372 BB/RHS

HALLIBURTON ENERGY SERVICES,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on a motion by Plaintiff to enforce an arbitration award (Doc. 8), as well as a motion by Defendant to vacate that award (Doc. 14). The Court has considered the submissions and arguments of the parties, as well as the applicable law. Having done so, the Court will grant the motion to enforce, and deny the motion to vacate, the award, for the reasons stated below.

Plaintiff, a former employee of Defendant, filed a gender-discrimination lawsuit against Defendant in this Court. On a joint motion for stay, the case was held in abeyance pending submission of the matter to binding arbitration. The arbitrator entered a decision favorable to Plaintiff and awarded her a significant amount as damages, including an award of punitive damages. Defendant protests only the following aspects of the arbitrator's decision: (1) an award of front pay benefits for thirty years, consisting of the difference between Plaintiff's out-of-pocket cost for health insurance premiums while she was employed by Defendant, and her predicted future out-of-pocket cost for such premiums until the date she is projected to retire from the workforce; (2) other more minor damage amounts which, according to Defendant, "are reflected no where in the evidentiary record;" and (3) the award of punitive damages.

**Whether Defendant is Estopped from Challenging the Arbitration Award:**  Plaintiff contends the doctrine of promissory estoppel precludes any challenge to the arbitrator's award, because the contract between Plaintiff and Defendant states several times that the arbitration will be "final and binding."  Plaintiff argues that she relied on this promise in submitting her case to arbitration, although she submitted no evidence supporting that assertion.  She maintains that Defendant should therefore be estopped from raising any challenge to the award.  Plaintiff has cited no case in which a similar estoppel theory has been applied to prevent a party from raising any and all challenges to an arbitration award.  In addition, the Tenth Circuit has held that although parties to an arbitration agreement may by contract eliminate some aspects of their rights to judicial review, the parties' intention to do so must be clear and unequivocal.  *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 931 (10th Cir. 2001).  The Court does not believe that merely stating in the arbitration agreement that the arbitration will be final, or binding, or both, expresses a clear and unequivocal intention to waive the limited right to review provided by the Federal Arbitration Act, 9 U.S.C. § 10 ("FAA"), and the applicable case law.  *See Team Scandia, Inc. v. Greco*, 6 F.Supp.2d 795, 798 (S.D. Ind. 1998) (fact that agreement stated the arbitration award would be binding, final, and non-appealable did not eliminate district court's authority to review the award).  Furthermore, as noted above, the Court finds Plaintiff's promissory estoppel argument lacks factual support in the record; there is no evidence, but merely argument of counsel, of Plaintiff's reliance or the other elements of the doctrine.  The Court determines that Defendant is not estopped from challenging the arbitrator's award.

**Defendant's Challenges to the Award:**  As Defendant recognizes, this Court's power to review an arbitration award is extremely limited; the Tenth Circuit has described it as among the narrowest powers of review known to the law.  *Bowen*, 254 F.3d at 932.  This Court may only grant

a motion to vacate an arbitration award in the limited circumstances provided by the FAA, or under a few judicially created exceptions to the non-reviewability rule. *Id.* Defendant has argued that two grounds exist for vacating the arbitration award in this case. The first is a statutory ground, that the arbitrator acted in excess of her authority. The second is a judicially-created ground, that the arbitrator acted in manifest disregard of the law. *See id.* (listing grounds for challenge to award).

Defendant argues the arbitrator acted in excess of her authority by enlarging Plaintiff's substantive rights. Defendant maintains Plaintiff's rights were enlarged because the damages awarded to Plaintiff were "based neither on the evidence in the record nor the applicable legal principles." At base this is simply a substantial-evidence argument; Defendant is maintaining there was no evidence to support the amount of damages, including punitive damages, awarded by the arbitrator. An arbitrator acts in excess of her authority if she rules on an issue that was not submitted to arbitration, or awards a type of damages specifically excluded by the arbitration agreement or by law. *See Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 219-20 (2d Cir. 2002) (review for arbitrator exceeding authority focuses on whether the arbitrator had the power, based on the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue); *Fahnestock & Co. v. Waltman*, 935 F.2d 512, 517-19 (2d Cir.1991) (arbitrators acted in excess of authority by awarding punitive damages, where New York law did not allow arbitrators to award such damages). Simply awarding damages that are too high, however, or are not supported by the evidence, is not acting in excess of the arbitrator's authority. *See Rosati v. Bekhor*, 167 F.Supp.2d 1340, 1345 (M.D. Fla. 2001); *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 318 (D. Md. 1992). The arbitrator in this case ruled on the issues that were presented to her--the plaintiff's claim of gender discrimination and the damages to be awarded as a result of that claim. She did not act in excess of her authority.

3

Defendant next contends the arbitrator acted in manifest disregard of the law by awarding front pay for too long a period of time, and awarding punitive damages despite Defendant's evidence of its good-faith efforts to comply with Title VII.  As discussed below, however, these arguments are also arguments concerning the strength of the evidence supporting the arbitrator's decision, rather than issues regarding the law applied by the arbitrator in reaching her decision.  Since they are evidentiary attacks rather than legal challenges, they do not fit into the "manifest disregard of the law" exception created by the courts.

As applied to arbitration decisions, to act in manifest disregard of the law means the arbitrator was willfully inattentive to the governing law.  *Bowen*, 254 F.3d at 932.  Mere error or misunderstanding of the applicable law is not sufficient; it must be shown that the arbitrator knew the law and explicitly disregarded it.  *Id.*  The problem for Defendant in this case is that there is no clear or binding law stating that an award of front pay, or front benefits as in this case, may not extend to thirty years as a matter of law, under any circumstances.  *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 854 (2001) (front pay in Title VII not subject to $300,000 damage cap of Civil Rights Act).  Instead, every case discussing an award of front pay has discussed the award as a factual question that is within the district court's discretion, and has determined that the award was or was not supported by the evidence presented at trial.  *See, e.g., Peyton v. DiMario*, 287 F.3d 1121, 1128-29 (D.C. Cir. 2002) (award of 26 years of front pay was unduly speculative; district court must consider other factors before awarding front pay for remainder of employee's work life; opinion suggests such award would be allowed if supported by evidence, such as expert testimony or evidence concerning lack of available comparable jobs); *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1458 (10th Cir. 1997) (district court did not abuse its discretion in rejecting request for 25 years of front pay and awarding two years instead; determining front pay award requires district court to

predict future events and consider many complicated and interlocking factors); *Curtis v. Electronics & Space Corp.*, 113 F.3d 1498, 1504 (8th Cir. 1997) (for front-pay purposes there may be a presumption that an employee will retire at a "normal" retirement age, but evidence can support factual finding that employee would work until she was 70 instead of retiring earlier); *Padilla v. Metro-North Commuter R. R.*, 92 F.3d 117, 125-26 (2d Cir. 1996) (front pay award of well over 20 years of difference between salary employee earned at his old job and salary he was predicted to earn in his new employment, until age 67, was supported by the evidence presented to the district court). Thus, the length of time over which front pay is to be awarded is a factual matter that is within the discretion of the fact-finder to determine.[1]  The mere fact that no court has, in a published opinion, made an award of 30 years of front pay does not make the length of the award in this case a legal issue, and does not mean the arbitrator deliberately ignored applicable law.  It is certainly true that it would be a highly unusual case that would support a thirty-year award of front pay.  The important point, however, is that the Court is not allowed to review the evidence presented to the arbitrator to decide whether the award of front pay was too speculative.  Such a review cannot be conducted under the guise of the manifest-disregard-of-the-law exception.[2]

---

[1]Discussing the *Pollard* decision, Michael Karpeles, a Chicago labor lawyer, is quoted: "The wild card about front pay, he says, 'is that it is so fact specific.  You never know how a judge or jury will look at the issue...If you have a 35-year-old employee who presents evidence that he likely would have stayed at the company until retirement, you could conceivably have an award that spans 30 years.'"  Minehan, Maureen, 5 No. 13 EEO Update 1, at 2 (6-21-01).  There is, then, no legal basis for deciding that 20 years is too much, or 15, or 30.

[2]What Defendant is actually requesting is that the Court apply a manifest-disregard-of-the-*facts* standard of review.  The Tenth Circuit, however, has never recognized such an exception to allow review of an arbitrator's factual determinations.  *See Coutee v. Barington Capital Gp., L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003) (rejecting manifest disregard of the facts as a ground for vacating an arbitration award, and noting that no other circuit appears to have allowed such a challenge).  Furthermore, the Tenth Circuit has frequently stated that an arbitrator's factual findings, including those related to damages, are not subject to review by a district court.  *ARW*

The same analysis applies to Defendant's challenge to the punitive-damages award. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Burke*, 741 F.Supp. 191, 193-94 (N.D. Cal. 1990).  The question of whether to award punitive damages is a fact-dependent question requiring a determination as to how egregious Defendant's conduct was.  Defendant argues the arbitrator must have completely disregarded the good-faith defense presented by Defendant at the hearing, and therefore must have deliberately ignored the law, because she made no finding as to that defense.  However, an arbitrator is not required to provide an explanation for her decision. *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12-13 (2d Cir. 1997).  The arbitrator's silence as to the good-faith defense, therefore, cannot be used to infer that she disregarded the applicable law allowing such a defense.  It may be that she simply disagreed with Defendant's arguments and evidence and declined to afford Defendant the benefit of the good-faith defense in this case.  Even if her action was erroneous, or a misinterpretation of the law, this Court may not review the award of punitive damages.

Defendant's other challenges to miscellaneous portions of the damages award suffer from the same flaw as the challenges to the front-pay award and the punitive-damages award:  they are challenges to the sufficiency of the evidence supporting the arbitrator's decision.  As the Court has stated repeatedly above, the Court has no authority to review the sufficiency of the evidence presented to and relied on by the arbitrator.

---

*Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (courts are not to instruct the arbitrator as to the correct computation of damages); *Denver & Rio Grande Western R. R. Co. v. Union Pacific R. R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) (factual findings of an arbitrator are insulated from judicial review, even if erroneous).  Therefore, the Court will not apply such a doctrine to engage in review of the arbitrator's damage awards in this case.

**Conclusion**

Based on the foregoing, the motion to enforce the arbitration award will be granted, and the

motion to vacate that award will be denied.

Dated March 15, 2004.


_____
BRUCE D. BLACK
United States District Judge


**Attorneys:**

**For Plaintiff:**
James P. Lyle

**For Defendant:**
Vanessa Griffith
Stanley K. Kotovsky, Jr.
Ryan M. Randall